**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:08-CV-00185-R**

**BOBBY JOE WOLFF**                                                                            **PLAINTIFF**

**v.**

**UNITED STATES**                                                                            **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss (DN 23).

Plaintiff has responded (DN 25) and Defendant has replied (DN 29). This matter is now ripe for

adjudication. For the reasons that follow, Defendant's Motion is GRANTED IN PART AND

DENIED IN PART.

**BACKGROUND**

In February 2001, Plaintiff Bobby Joe Wolff filed an action in the United States District

Court for the Eastern District of Texas alleging that the warden of the federal prison in which

Wolff was imprisoned wrongfully refused to grant him early release. Wolff voluntarily

dismissed the case after the warden entered into an agreement with him to dismiss the case in

exchange for early release. Woldd reinstated the action after the warden indicated he would not

honor the agreement. However, in June 2003, after he had been released from custody, Wolff

voluntarily dismissed the case again.

In January 2004, Wolff filed an action in this Court against Marvin Morrison, former

Warden with the Bureau of Prisons, in his individual and official capacity. Following

Defendant's motion to dismiss, Magistrate Judge W. David King recommended that (1) Wolff's

individual capacity claims against Morrison be dismissed for lack of personal jurisdiction; (2)

Wolff's official capacity claims against Morrison were tantamount to a claim against the United

States; (3) Wolff's constitutional claims, contract claims and state tort claims be dismissed for lack of subject matter jurisdiction; and (4) Wolff's state tort claims be dismissed without prejudice so that Wolff could refile after the relevant administrative remedies were exhausted. This Court adopted the Magistrate Judge's report and recommendations in January 2007.

In November 2008, Wolff filed the current action against Morrison in his individual and official capacity. Wolff alleges the same constitutional, contract and tort claims he brought in the prior action. The Court has dismissed the state claim claims against Morrison in his individual capacity and substituted the United States as the sole defendant on those claims.

## ANALYSIS

### A.    Claim Preclusion

Defendant argues that Wolff's constitutional and contract claims are barred by res judicata. "The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981)). Claim preclusion consists of four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.*

In the prior action, the Court dismissed Wolff's constitutional and contract claims for lack of subject matter jurisdiction. This constitutes a final decision on the merits. Thus, the first element of claim preclusion is satisfied. The parties in the prior action and the present action are

identical, which satisfies the second element.  The third and fourth elements of claim preclusion

are also satisfied because the claims are identical and stem from the same set of facts.  Therefore,

Wolff's First and Second Causes of Action are barred by claim preclusion and must be

dismissed.

**B.    Tort Claims**

1.    *Fraud and Deception*

In his Third Cause of Action, Wolff states:

> The conduct of Defendant Morrison constitutes the tort(s) of fraud and
> Deceptive Business Practices.  Defendant obtained something of value from
> Plaintiff, dismissal of the civil action, for which defendant was all the while
> negotiating in bad faith, unethical conduct, and fraudulent representations
> with a knowing and deliberate intent to deceive Plaintiff.  Defendant knew
> that once the civil action was dismissed, he (defendant) could ignore his
> obligations and Plaintiff would suffer irreparable harm and extended prison
> custody by the time the action was reinstated or specific performance of the
> agreement was compelled.

Defendant argues that the Court lacks jurisdiction over the claims asserted in this cause of action

because they fall within an exception to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),

2671-2680 ("FTCA").

The FCTA generally permits the United States to be held liable for "tort claims, in the

same manner and to the same extent as a private individual under like circumstances." 28 U.S.C.

§ 2674.  The intentional torts exception the FTCA, however, states that immunity has not been

waived for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious

prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with

contract rights."  28 U.S.C. § 2680(h) (emphasis added).  The Court finds that Wolff's claims of

fraud and deception fall within this exception and, thus, are barred.

## 2. *Intentional Infliction of Emotional Distress*

In his final cause of action, Wolff alleges that "[t]he conduct of Morrison constitutes the tort of outrage, or the intentional infliction of emotional distress as recognized by the common law of the State of Texas." This claim may be brought under the FTCA. *See Singleton v. United States*, 277 F.3d 864, 869 (6th Cir. 2002).

The Court applies the law of the jurisdiction where the alleged act occurred, in this case, the state law of Texas. "In Texas, intentional infliction of emotional distress is recognized as a separate cause of action." *Thomas v. Allsip*, 836 S.W.2d 825, 828-29 (Tex. App. 1992). The elements of intentional infliction of emotional distress under Texas law are: "(1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (citing Restatement (Second) of Torts § 46 (1965)). "[L]iability for outrageous conduct should be found 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting Restatement (Second) of Torts § 46 (1965)).

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  The "[f]actual

allegations in the complaint must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555

(internal citation and quotation marks omitted).   A plaintiff must allege sufficient factual

allegations to give the defendant fair notice concerning the nature of the claim and the grounds

upon which it rests.  *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  *Id.*  A court is not bound to accept "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements."  *Iqbal*, 129 S. Ct. at 1949.

Construing Wolff's Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972),

the Court finds that he has stated enough to survive dismissal.  Wolff, pro se, has detailed the

alleged actions taken by the warden and claimed that the warden intentionally inflicted

emotional distress.  Defendant has fair notice of the claim and the grounds upon which it rests.

Whether Wolff can demonstrate a genuine issue of material fact as to each element of intentional

infliction of emotional distress is a matter for summary judgment or trial.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to

Dismiss (DN 23) is GRANTED IN PART AND DENIED IN PART.  Wolff's First, Second and

Third Causes of Action are dismissed.  Wolff's "Fifth Cause of Action" may proceed.